IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| T.A.N., an individual, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PNI DIGITAL MEDIA, INC.,<br><br>    Defendant. | Case No:   2:16-cv-132<br><br>Judge:<br><br>Magistrate Judge: |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant PNI Digital Media, Inc. n/k/a PNI Digital Media, ULC, removes this action from the Superior Court of Glynn County, Georgia, to the United States District Court for the Southern District of Georgia.

BACKGROUND

1.    Plaintiff filed a complaint against PNI in the Superior Court of Glynn County, Georgia, styled *T.A.N. v. PNI Digital Media, Inc.*, Case No. CE 16-00906-063 on August 31, 2016 (the "State Action"). The State Action complaint is attached to this notice, along with a copy of the State Action filings served on PNI, as Exhibit A.

2.    The State Action arises from an alleged data security incident at PNI. (Compl. ¶¶ 1-4.)

3.    As Nedlouf alleges, PNI operates a software platform that retailers use to enable their customers to order photos online. (*Id.* ¶ 15.) Nedlouf alleges she "utilized

PNI's platform through CVS, the drug store and pharmacy retailer, where she created an account for her digital photo needs." (*Id.* ¶¶ 15-18.)

4.  Nedlouf also alleges that she entered "personal and/or financial information" into "her CVSPhoto.com account." (*Id.* ¶ 20.)

5.  Nedlouf further alleges that CVS informed Nedlouf via email on September 11, 2015, that a cyber-criminal had attacked servers "hosted by an independent vendor, PNI Digital Media." (*Id.* ¶¶ 38-39.) She also alleges that this "potentially resulted in the unauthorized acquisition of data entered by certain users on CVSPhoto.com." (*Id.* ¶ 39.) As a result, Nedlouf alleges her information "was compromised." (*Id.* ¶¶ 47-51.)

6.  As Nedlouf acknowledges, this is the third time she has sued PNI over the alleged data security incident. (*See id.* ¶¶ 11-13.) She initially filed a complaint making essentially these same allegations in the Northern District of Georgia, alleging jurisdiction was present under the Class Action Fairness Act (CAFA). (*See T.A.N. v. PNI Digital Media, Inc.*, N.D. Ga. Case No. 1:15-cv-3246, D.E. 1, Complaint, attached as exhibit B.) Nedlouf voluntarily dismissed that case after PNI filed a motion to dismiss.

7.  Subsequently, Nedlouf joined, by way of filing an amended complaint, an action regarding the PNI data security incident that had been filed by another party, Brandee Faria, in the Western District of Washington. (*See B.J.F. v. PNI Digital Media, Inc.*, W.D. Wash. Case No. 2:15-cv-1643, D.E. 13, Amended Complaint, attached as exhibit C.) The Western District of Washington court dismissed Faria's claims in that case on the ground that she lacked standing, and dismissed Nedlouf's claims for improper

venue and lack of personal jurisdiction over PNI. (*See B.J.F. v. PNI Digital Media, Inc.*, W.D. Wash. Case No. 2:15-cv-1643, D.E. 40, Order, attached as exhibit D.)

8. Most recently, Nedlouf filed this present case. It is the first time she has attempted to file these claims in state court, even though she seeks to represent the same nationwide class as she has in each of the prior cases.

## GROUNDS FOR REMOVAL

9. "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 551 (2014) (quotation omitted).

10. This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) because: (1) the matter in controversy is a class action where a member of the putative class of plaintiffs is a citizen of a state different from a defendant; (2) the amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) there are more than 100 members of the proposed plaintiff class. Accordingly, the State Action is removable pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

### A. Removal is timely.

11. This notice is filed within the 30-day period provided in 28 U.S.C. § 1446(b). Nedlouf filed this case on August 31, 2016, and requested PNI's counsel to waive service on the same day. PNI executed the service waiver on September 6, 2016. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (30-day period runs from service).

B. **The parties are diverse.**

12. Nedlouf alleges she is a citizen of Georgia, and seeks to represent the following nationwide class of persons: "All United States citizens whose personal information was compromised by the PNI data breach." (Compl. ¶ 54.)

13. PNI is a Canadian Unlimited Liability Company organized under the laws of British Columbia. PNI Digital Media, ULC's sole member is Corporate Express Canada, Inc., which is a corporation organized under the laws of Ontario, Canada and has its principal place of business in Ontario, Canada. (Declaration of Janice Amato ¶¶ 3-5, attached as Exhibit E.)

14. Thus, PNI is a citizen of Ontario, Canada. *See Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (unincorporated association "is a citizen of any state of which a member of the company is a citizen"); 28 U.S.C. 1332(c)(1) (corporation is citizen only of its state of incorporation and state where it maintains its "principal place of business").

15. Minimal diversity under CAFA exists because members of the proposed class are citizens of several states and PNI is a citizen of a foreign country. *See* 28 U.S.C. § 1332(d)(2)(C) (diversity jurisdiction is present when "any member of a class of plaintiffs is a citizen of a State and any defendant is . . . a citizen or subject of a foreign state").

C. **The amount in controversy requirement is met.**

16. Nedlouf does not specify the amount of damages she and the putative class are seeking in this complaint. But she has twice before alleged that the same claims involve an "amount in controversy [that] exceeds $5,000,000, exclusive of interest and

4

costs." (Ex. B ¶ 9; Ex. C ¶ 10.)  *See Dart Cherokee*, 135 S. Ct. at 553 ("sum claimed by the plaintiff controls if the claim is apparently made in good faith") (quotation omitted).

17. Even if Nedlouf did not allege an amount in controversy in excess of the minimum, "where the plaintiffs have not pled a specific amount of damages, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Witherup v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 419064, at *1 (M.D. Fla. Feb. 2, 2015) (citing *Dart Cherokee*, 135 S. Ct. at 547).  In assessing the amount in controversy, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

18. Nedlouf's allegations (which PNI intends to vigorously dispute) place more than $5 million in controversy. *See also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance the plaintiff will fail and the judgment will be zero) does not prevent removal."); *S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) ("amount is not discounted by the chance that the plaintiffs will lose on the merits").

19. Nedlouf purports to represent a class of "thousands, possibly hundreds of thousands" of individuals. (Compl. ¶ 56.)  On behalf of each of those persons, she seeks to recover several categories of alleged damages, including (a) "costs associated with the

5

detection and prevention of identity theft," (b) "costs associated with time spent and the loss of productivity from taking time to address . . . the actual and future consequences of the PNI data breach, including finding fraudulent charges, cancelling credit cards, purchasing credit monitoring and identity theft protection services, the imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance, and annoyance of dealing with all issues resulting from the PNI data breach," (c) compensation for "injuries flowing from fraud and identify theft," (d) "damages to and diminution in value of her personal information," (e) "restitution and disgorgement of profits, benefits, and other compensation obtained by PNI," and (f) "attorneys' fees, costs, and interest thereon." (*Id.* ¶¶ 56, 52, 100.)

20.     If these purported damages were to be aggregated for Nedlouf's proposed nationwide class, they would exceed the minimum threshold for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

21.     For instance, Experian's ProtectMyID product, a leading credit-monitoring and identity theft protection product, costs $15.95 per month, and thus $191.40 per year. *See* https://www.protectmyid.com/. This figure approximates the potential per-year, per-person cost of just one category of alleged damages that Nedlouf has placed in controversy.

### D. The proposed class includes more than 100 persons.

22. As noted above, Nedlouf alleges that her class includes "thousands, possibly hundreds of thousands," of persons. (Compl. ¶ 56.) Thus, the 100-person requirement in CAFA is met here. *See* 28 U.S.C. § 1332(d)(5)(B).

### E. The case is removable.

23. For all these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d), and this case is removable pursuant to 28 U.S.C. §§ 1441 & 1453. Removal to this Court is appropriate because this judicial district embraces the district and division in which this case was pending in state court. 28 U.S.C. § 1446(a).

## STATE COURT PLEADINGS AND NOTICE

24. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served on PNI in the state court are attached hereto as Exhibit A.

25. Pursuant to 28 U.S.C. § 1446(d), PNI will provide written notice of the filing of this notice to all adverse parties and a copy of this notice will be filed with the Superior Court of Glynn County, Georgia.

Accordingly, PNI respectfully removes the State Action to the United States District Court for the Southern District of Georgia.

DATED this 19th day of September, 2016.   Respectfully submitted,

/s/ *Kevin D. Bradberry*
Kevin D. Bradberry
1170 Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7676
Telephone: 404-459-8783
Facsimile: 404-459-5734
kbradberry@bakerlaw.com

Daniel R. Warren (*pro hac vice to be filed*)
James A. Slater (*pro hac vice to be filed*)
Sam A. Camardo (*pro hac vice to be filed*)
Baker & Hostetler LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone:  216-861-7145
Facsimile: 216-696-0740
dwarren@bakerlaw.com
jslater@bakerlaw.com
scamardo@bakerlaw.com

*Attorneys for defendant PNI Digital Media, ULC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 19, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.

I further certify that a true and correct copy of the foregoing has been served via email and U.S. mail, postage prepaid, this 19th day of September 2016, upon the following counsel for plaintiff:

E. Adam Webb
*Adam@WebbLLC.com*
G. Franklin Lemond, Jr.
*Franklin@WebbLLC.com*
1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339

/s/ *Kevin D. Bradberry*
Kevin D. Bradberry