# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| T.A.N., an individual, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 2:16-cv-132-LGW-RSB |
| v. | Chief Judge Lisa G. Wood |
| PNI DIGITAL MEDIA, INC., | Magistrate Judge R. Stan Baker |
| Defendant. | |

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

Plaintiff and PNI Digital Media, Inc. n/k/a PNI Digital Media, ULC ("PNI") have agreed to a settlement, the terms and conditions of which are set forth in an executed Settlement Agreement and Release (the "Settlement"). The parties reached the Settlement through arm's-length negotiations following mediation. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Settlement Class Members are eligible to receive reimbursement of up to $250 (in total) for the following categories of out-pocket expenses resulting from the Security Incident: (i) unreimbursed bank fees; (ii) unreimbursed card reissuance fees; (ii) unreimbursed overdraft fees; (iv) unreimbursed charges related to unavailability of funds; (v) unreimbursed late fees; (vi) unreimbursed over-limit fees; (vii) long distance telephone charges; (viii) cell minutes (if charged by minute); (ix) internet usage charges and text messages; (x) unreimbursed charges from banks or credit card companies; (xi) postage; (xii) interest on payday loans due to card cancelation or due to over-limit situation; (xiii) up to three hours of documented lost time (at $15 per hour) spent dealing with replacement card issues or in reversing fraudulent charges; (xiv) an additional $20 payment for each credit or debit card

on which document fraudulent charges were incurred that were later reimbursed; (xv) costs of credit report(s); and (xvi) costs of credit monitoring and identity theft protection (up to $120).

Class Members who had other extraordinary unreimbursed monetary losses because of information compromised as a result of the Security Incident are eligible to make a claim for reimbursement of up to $10,000.

In exchange for these considerations, Plaintiff and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release their claims against PNI related to the Security Incident, which resulted in unauthorized access to customer payment card data and other personally identifying information, without admission of liability by PNI. In addition, PNI has agreed to pay all fees and costs associated with providing notice to the Settlement Class and for administration of the Settlement. Subject to Court approval, PNI has also agreed to pay Class Counsel's attorneys' fees of $650,000, plus reasonable costs and expenses and an incentive award of $3,750 for the Representative Plaintiff. Such amounts will be paid separately by PNI and will not reduce the amount of payments to Class Members who submit valid claims.

The Settlement has been filed with the Court, and Plaintiff and Class Counsel filed an Unopposed Motion for Preliminary Approval of Class Settlement and for Certification of the Settlement Class (the "Motion"). Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of Class Counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) for settlement purposes only, the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length

negotiations between the parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or the request for Service Award for Plaintiff; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant final approval of the Settlement and enter Final Judgment, and whether to grant Class Counsel's Fee Application and request for Service Award for Plaintiff; and (8) the other related matters pertinent to the preliminary approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

3. Venue is proper in this District.

**Provisional Class Certification and Appointment of Class Representatives and Class Counsel**

4. In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class –

i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997); Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977); Columbus Drywall & Insulation, Inc. v. Masco Corp., 258 F.R.D. 545, 553-54 (N.D. Ga. 2007).

5. The Court finds, for settlement purposes only, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court, therefore, provisionally certifies the following Settlement Class:

> All persons residing in the United States who made a payment to one or more Retailers using a credit, debit, or other payment card between June 2014 through and including July 2015, and whose payment card information was provided to PNI.

6. Specifically, the Court finds, for settlement purposes only, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) <u>Numerosity</u>: In the Action there are hundreds of thousands of Class members across the United States. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. See Kilgo v. Bowman Transp., Inc., 789 F.2d 859, 878 (11th Cir.1986); Columbus Drywall & Insulation, 258 F.R.D. at 554.

(b) <u>Commonality</u>: The bar for proving commonality is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members. See Williams v. Mohawk Industries, 568 F.3d 1350, 1355 (11th Cir. 2009). Here, the commonality requirement is satisfied for settlement purposes because there are many questions of law and fact common to the Settlement Class regarding PNI's Security Incident. See Fed. R. Civ. P. 23(a) (2). There are multiple questions of law and fact that center on whether PNI was

culpable in failing to prevent the Security Incident, which are common to the Settlement Class.

(c) <u>Typicality</u>: Plaintiff is typical of absent Settlement Class Members because she was subjected to the same PNI conduct, had her information placed at risk in the same manner as all Class members, and because she will also benefit from the relief provided by the Settlement. Rule 23(a)(3) is therefore satisfied. See <u>Kornberg v. Carnival Cruise Lines, Inc.</u>, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); <u>Murray v. Auslander</u>, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d) <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representative has interests antagonistic to the Settlement Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. See <u>In re Piedmont Office Trust, Inc. Sec. Litig.</u>, 264 F.R.D. 693, 699 (N.D. Ga. 2010). Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent her and the Settlement Class. Class Counsel here regularly engages in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to prosecuting the Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action.

(e) <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for thousands of Settlement Class Members in a single, coordinated proceeding is superior to many individual lawsuits addressing

the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); see Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc., 601 F.3d 1159, 1170 (11th Cir. 2010). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and because class-wide relief can fairly be provided for all Settlement Class Members through a single common judgment.

7. The Court appoints the following person as Class Representative: Tamara A. Nedlouf.

8. The Court appoints the following persons and entities as Class Counsel who shall be responsible for handling all Settlement-related matters on behalf of Plaintiff and the Settlement Class:

> James B. Durham, Esq.
> HALL BOOTH SMITH, P.C.
> 3528 Darien Highway, Suite 300
> Brunswick, Georgia 31525
> Telephone: 912-554-0093
>
> E. Adam Webb, Esq.
> WEBB, KLASE & LEMOND, LLC
> 1900 The Exchange SE, Suite 480
> Atlanta, GA 30339
> Telephone: 770-444-9325

**Preliminary Approval of the Settlement**

9. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 Newberg on Class Actions, § 11.26 (4th

ed. 2010). Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies, and the settlement falls within the range of reason. Settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. See Manual for Complex Litigation, § 30.42 (3rd ed. 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

10. The Court preliminarily approves the Settlement, and the exhibits appended to the Motion, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's-length negotiations between the parties, and their capable and experienced counsel under the supervision of a mediator. The Court further finds that the Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter final judgment.

**Approval of Notice and Notice Program and Direction to Effectuate Notice**

11. The Court approves the form and content of the Notice to be provided to the Settlement Class, substantially in the forms appended as Exhibits C – D to the Motion. The Court further finds that the Notice Program, described in Section 3 of the Settlement, is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification,

7

the terms of the Settlement, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's fee request, and the request for Service Award for Plaintiff. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

12. The Court directs that Epic Systems, Inc. act as the Settlement Administrator.

13. The Settlement Administrator shall implement the Notice Program, as set forth below and in the Settlement, using substantially the forms of Notice appended as Exhibits C – D to the Motion and approved by this Order. Notice shall be provided to the Settlement Class Members pursuant to the Notice Program, as specified in Section 3 of the Settlement and approved by this Order. The Notice Program shall include a postcard notice to be mailed to settlement class members and a long form notice to be made available on the Settlement Website and upon request as set forth in the Settlement, the exhibits appended to the Motion, and below.

**Notice Program**

14. The Settlement Administrator shall administer the Notice Program. Within the time frames described in the Settlement Agreement, the Settlement Administrator shall send an email to all such Settlement Class Members.

15. In circumstances where a working email address is not available, Settlement Class Counsel and PNI shall provide the names and addresses provided when the Settlement Class Members conducted transactions with the Retailers to the Settlement Administrator so that notice can be delivered via mail.

16. As set forth in the Settlement Agreement, the Notice Program shall commence within 30 days of the Preliminary Approval Order and shall be completed within 45 days of the Preliminary Approval Order.

17. Within seven days after the date the Settlement Administrator completes the Notice Program, the Settlement Administrator shall provide Class Counsel and PNI's counsel an affidavit that confirms that the Notice Program was completed in a timely manner. Class Counsel shall file such affidavit with the Court in conjunction with Plaintiff's Motion for Final Approval of the Settlement.

18. All fees and costs associated with the Notice Program shall be paid by PNI, as set forth in the Settlement.

**Settlement Website and Toll-Free Settlement Line**

19. The Settlement Administrator shall establish a Settlement Website as a means for Settlement Class Members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than 30 days of the Preliminary Approval Order. The Settlement Website shall include hyperlinks to the Settlement, the Long Form Notice, this Order, and such other documents as Settlement Class Counsel and counsel for PNI agree to post or that the Court orders posted on the Settlement Website. These documents shall remain on the Settlement Website at least until Final Approval.

20. The Settlement Administrator shall establish and maintain a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and shall answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries.

21. Epiq Systems, Inc. is directed to perform all other responsibilities under the Notice Program assigned to the Settlement Administrator in the Settlement.

22. Hilsoft Notifications is directed to perform all other responsibilities under the Notice Program assigned to the Notice Administrator in the Settlement.

**Final Approval Hearing, Opt-Outs, and Objections**

23. The Court directs that a Final Approval Hearing shall be scheduled for the date and time set forth in paragraph 31(viii) to assist the Court in determining whether to grant Final Approval to the Settlement and enter the Final Approval Order and Judgment, and whether Class Counsel's Fee Application and request for a Service Award for Plaintiff should be granted.

24. The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise his or her right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Long Form Notice at any time during the Opt-Out-Period and the Settlement Agreement. To be valid and timely, opt-out requests must be postmarked no later than one hundred twenty (120) days after the date on which the Notice Program commences; must be mailed to the address indicated in the Long Form Notice.

The Opt-Out Deadline established under Section 4.1 of the Settlement Agreement shall be specified in the Mailed Notice, Long Form Notice, and Settlement Website. All persons within the Settlement Class definition who do not timely and validly opt-out of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the Releases set forth in Section 6 of the Settlement if the Settlement is finally approved.

25. The Court further directs that any person in the Settlement Class who does not opt-out of the Settlement Class may object to the Settlement, Class Counsel's Fee Application and/or the request for Service Award for Plaintiff. Any such objections must be mailed to the Clerk of the Court, Settlement Class Counsel, and counsel for PNI, at the addresses indicated in the Long Form notice. For an objection to be considered by the Court, the objection must be postmarked no later than the Opt-Out Deadline of one hundred twenty (120) days from the date on which the Notice Program commences and must include the following information:

(i) the objector's full name, address, telephone number, and e-mail address (if any);

(ii) information identifying the objector as a Settlement Class Member, including any documentary proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Security Incident);

(iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

(iv) the identity/ies of all counsel representing the objector;

(v) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing;

(vi) the identity/ies of all counsel representing the objector who will appear at the Final Fairness Hearing;

(vii) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection;

(viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation);

(ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years;

(x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and

(xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative.

An objection shall be deemed to have been submitted when mailed, provided it is received with a postmark date indicated on the envelope of at least one hundred twenty (120) days from the date on which the Notice Program commences, mailed first-class postage prepaid, and addressed in accordance with the instructions in the Settlement and Long Form Notice.

**Further Papers in Support of Settlement and Fee Application**

26. Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, Request for Service Awards for Plaintiff, and Fee Application no later than 28 days before the Final Approval Hearing.

27. Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and the Fee Application no later than 14 days before Final Approval Hearing. If PNI chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it also must do so no later than 14 days before Final Approval Hearing.

**Effect of Failure to Approve the Settlement or Termination**

28. In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order and Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) All of the Parties' respective pre-Settlement claims and defenses will be preserved;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against PNI or Plaintiff on any point of fact or law; and

(d) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence.

**Stay/Bar of Other Proceedings**

29. All proceedings in the Action are hereby stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Parties any action or proceeding in any court asserting any of the Released Claims.

30. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

(i) The Settlement Administrator shall establish the Settlement Website and toll-free telephone line as soon as practicable following Preliminary Approval, but no later than thirty (30) days after the date of this order;

(ii) The Settlement Administrator shall complete the Mailed Notice Program no later than no later than forty-five (45) days after the date of this order;

(iii) Settlement Class Members must file any objections to the Settlement no later than one hundred twenty (120) days from the date on which the Notice Program commences;

(iv) Settlement Class Members must file requests for exclusion from the Settlement by no later than one hundred twenty (120) days from the date on which the Notice Program commences;

(v) Plaintiff and Class Counsel shall file their responses to timely filed objections to Settlement no later than fourteen (14) days before the Final Approval Hearing;

(vi) If PNI chooses to file a response to timely filed objections to Settlement, it shall do so no later than fourteen (14) days before the Final Approval Hearing;

(vii) Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, Request for Service Award for Plaintiff and Fee Application no later than twenty-eight (28) days before the Final Approval Hearing; and

(viii) The Final Approval Hearing will be held on November, 17, 2017, at 10:00 a.m. in Courtroom 1 of the Brunswick Courthouse, 801 Gloucester Street, Brunswick, GA 31520.

DONE AND ORDERED this 2nd day of June 2017.

HONORABLE LISA G. WOOD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

cc: All Counsel of Record