# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

|  |  |
|---|---|
| T.A.N., an individual, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>PNI DIGITAL MEDIA, INC.,<br><br>    Defendant. | CV 216-132 |

## ORDER[1]

Plaintiff T.A.N. and Defendant PNI Digital Media, Inc. have notified the Court that they have resolved this action. Dkt. No. 42. They have requested that the Court (1) grant Final Approval of the Settlement; (2) certify the Settlement Class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e); (3) appoint Plaintiff as class representative; (4) appoint the law firm and attorneys listed in paragraph 1.17 of the Agreement as Class Counsel; (5) approved the requested incentive award for the named Plaintiff; (6) award Class Counsel attorneys' fees and expenses; and (7) enter Final Judgment dismissing the action with

---

[1] All capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement.

prejudice. Dkt. No. 42 at 3.

## LEGAL STANDARD

Court approval is required for settlement of a class action. Fed. R. Civ. P. 23(e). There is a "strong judicial policy favoring settlements." In re Chicken Antitrust Litig. Am. Poultry, 669 F.2d 228, 238 (5th Cir. 1982). The Court's role is not to substitute its business judgment for that of the parties, but rather to determine "whether the settlement, taken as a whole, is so unfair on its face as to preclude judicial approval." Rankin v. Rots, 2006 WL 1876538, at *3 (E.D. Mich. 2006) (quoting Zerkle v. Cleveland-Cliffs Iron Co, 52 F.R.D. 151, 159 (S.D.N.Y. 1971)).

## DISCUSSION

On the 17th day of November, 2017, the Parties appeared before the Court for a hearing on whether the Settlement should be finally approved. Plaintiff Tamara A. Nedlouf ("Representative Plaintiff"), and Defendant PNI Digital Media, ULC f/k/a PNI Digital Media, Inc. ("PNI"), each by and through their respective counsel (hereinafter collectively "the Parties"), previously submitted a proposed Settlement Agreement ("Settlement") and have moved this Court to enter judgment granting final approval of the Settlement. Having reviewed and considered the pleadings in the litigation and all documents, evidence and arguments presented in regard to final approval of

the Settlement, and for good cause shown, the Court finds as follows.

On September 19, 2016, Representative Plaintiff, individually and as the proposed representative of all persons similarly situated, filed a class action complaint against PNI in the Superior Court of Glynn County, State of Georgia, No. CE16-00906-063 (the "Action") asserting claims for negligence, breach of implied contract, breach of contract, violation of Georgia Data Breach Statute, and unjust enrichment, based on allegations that, among other things, PNI failed to secure and safeguard consumers' personal financial data, which was compromised in a hacking incident that occurred between approximately June 2014 and July 2015. Defendant removed the Action to the United States District Court for the Southern District of Georgia, Brunswick Division, on September 19, 2016.

Representative Plaintiff, through her counsel, has conducted an investigation of the facts, analyzed the relevant legal issues, reviewed relevant documents, and confirmed the results of an investigation through additional discovery.

Representative Plaintiff, through her counsel, has weighed the potential risks and costs associated with continued prosecution of the Action against the benefits of the Settlement Agreement.

PNI has conducted its own investigation of the facts and legal issues and denies the factual allegations in the Class Action Complaint and denies any and all liability with respect to the claims alleged therein.

PNI has weighed the potential risks and costs associated with continued litigation of the Action against the benefits of the Settlement Agreement.

The Parties and their respective counsel believe, in consideration of all of the circumstances and after substantial arm's length negotiations between counsel, that the Parties' respective interests are best served by entering into the Settlement Agreement, and that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

The Settlement Agreement defines the "Settlement Class" as: "all persons residing in the United States who made a payment to one or more Retailers using a credit, debit, or other payment card between June 2014 through and including July 2015, and whose payment card information was provided to PNI."

The Settlement Class specifically excludes "(i) PNI and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of

competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contender* to any such charge."

The Settlement Agreement defines "Released Claims" as "any and all claims and causes of action including, without limitation, any causes of action under 18 U.S.C. § 2701 *et seq.*, and all similar statutes in effect in any states in the United States as defined herein; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Security Incident and

alleged theft of payment card data or other personal information or the allegations, facts, or circumstances described in the Litigation. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class."

The Settlement Agreement defines "Released Persons" as "PNI, its Related Entities, as well as the Retailers and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers."

The Parties intend that the proposed settlement embodied in the Settlement Agreement will resolve all Released Claims against all Released Persons.

The Parties have engaged in extensive, hard fought, and arm's-length negotiations. As a result of those lengthy negotiations, the Parties have been able to reach an agreement to settle the Action.

On May 24, 2017, the Parties, by their duly authorized counsel, entered into the Settlement Agreement, which provides that, subject to the approval of this Court pursuant to Rule 23,

Federal Rules of Civil Procedure, the claims asserted in the Action against PNI were to be settled, compromised, and dismissed with prejudice, upon and subject to the terms and conditions set forth therein.

By the terms of the proposed settlement of the Action, in exchange for the dismissal of the Action with prejudice, dismissal of all Released Claims with prejudice, and for entry of this Final Order and Judgment, PNI shall make available all of the benefits and relief set forth in the Settlement Agreement, the terms of which are expressly incorporated by reference herein, in accordance with the procedures set forth therein.

On June 2, 2017, this Court entered a Preliminary Approval Order (the "Preliminary Approval Order"), which, *inter alia*:

- preliminarily approved the settlement, pursuant to Rule 23;

- conditionally certified, for settlement purposes only, pursuant to Rule 23, the Settlement Class;

- conditionally found that Representative Plaintiff is an adequate representative of the Settlement Class;

- appointed E. Adam Webb, Webb, Klase & Lemond, LLC, and James B. Durham, Hall Booth Smith, P.C. as Co-Lead Settlement Class Counsel for the Settlement Class;

- set a hearing to take place on November 17, 2017 at 10:00 a.m. before this Court (the "Fairness Hearing"), upon notice to Settlement Class Members;

- approved proposed forms of Notice, which contained, *inter alia*, instructions for Settlement Class Members to, *inter alia*, obtain the settlement benefits referenced in the Settlement Agreement;

- prescribed the methods and period of time for providing notice to Settlement Class Members of, *inter alia*, the proposed Settlement Agreement and the Fairness Hearing, and directed that PNI pay all costs associated with providing notice to the members of the Settlement Class;

- found that such notice to the Settlement Class Members as described in the Settlement Agreement and the Preliminary Approval Order was the best means practicable of providing notice under the circumstances and, when completed, would constitute due and sufficient notice of the proposed Settlement Agreement and the Fairness Hearing to Settlement Class Members, in full compliance with the notice requirements of Rule 23 and due process, and that the Notice was accurate, objective, informative, and provided Settlement Class Members with all of the information necessary to make an informed decision

regarding their participation in the Settlement Agreement and its fairness;

- prescribed the method and period of time during which Settlement Class Members could file requests to be excluded from the Settlement Class;

- provided that any Settlement Class Member who did not properly and timely request exclusion from the Settlement Class would be bound by all of the terms of the Settlement Agreement, whether or not such person objected to the Settlement or made a claim pursuant to the Settlement Agreement;

- prescribed the method and period of time during which Settlement Class Members could serve written objections to the Settlement and/or notices of intention to appear at the Fairness Hearing;

The Court found, for settlement purposes only, that the prerequisites for a class action under Rule 23 have been satisfied in that: the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; there are questions of law and fact common to the Settlement Class; the claims of Plaintiff are typical of the claims of the Settlement Class they seek to represent; Plaintiff has and will fairly and adequately represent the interests of the Settlement Class; the questions of law and fact common to the Settlement

Class Members predominate over any questions affecting only individual members of the Settlement Class; a class action is superior to all other available methods for the fair and efficient adjudication of this controversy; and the prosecution of separate actions by or against individual members of the Settlement Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Settlement Class which would establish incompatible standards of conduct.

The terms of settlement, as set forth in the Settlement Agreement, are in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class Members. Therefore, the Settlement Agreement is approved in all respects in accordance with Rule 23 and applicable law. The Parties have demonstrated, and the Court finds, that notice of the proposed Settlement was provided to the Settlement Class pursuant to the terms of the Preliminary Approval Order.

On November 17, 2017, the Fairness Hearing was duly held. This Court heard from Class Counsel on behalf of the Settlement Class and PNI's counsel. The Court also reviewed all other arguments and submissions, the record in these proceedings, and the application of Co-Lead Settlement Class Counsel for an award of attorney's fees, reimbursement of reasonable costs and expenses, and an incentive award to the Class Representative.

It is hereby **ORDERED** that:

1. Notice to the Settlement Class Members required by Rule 23 has been provided as directed by this Court in the Preliminary Approval Order, and such notice constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the Settlement Class Members, and satisfied the requirements of Rule 23 and due process, and all other applicable laws.

2. The Settlement Class, as set forth above and in the Preliminary Approval Order, is unconditionally certified pursuant to Rule 23.

3. The Court is familiar with the efforts by Class Counsel in this action and finds that they have vigorously investigated and pursued this litigation on behalf of Plaintiff and the Settlement Class. Co-Lead Settlement Class Counsel have, at all times, fairly and adequately represented Plaintiff and the Settlement Class; diligently and competently performed all their duties owed to Plaintiff and the Settlement Class; and considered and pursued the appropriate avenues of relief for Plaintiff and the Settlement Class.

4.  The Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, and is approved in all respects in accordance with Rule 23 and applicable law. The Settling Parties shall comply with the terms of the Settlement. There was no fraud or collusion behind the Settlement. Absent the Settlement, the Parties and the Court would incur further substantial time and expense over a long period of litigation and any appeals. Sufficient investigation and discovery was conducted, both informally and by formal confirmatory discovery, in order to make an informed and reasoned decision regarding the Settlement. *See* Manual for Complex Litigation (Fourth) at § 11.423 (2004) (noting that informal discovery is a recognized method of minimizing the cost, delay, and burden associated with formal discovery). Plaintiff faced substantial risk in the Action that could have resulted in the Settlement Class receiving nothing. The realistic range for this case is anywhere from no recovery at all to actual damages of class members plus attorneys' fees and litigation costs. The Settlement provides substantial monetary benefits for the Settlement Class

which are fair, reasonable, and adequate. Co-Lead Settlement Class Counsel, who have substantial experience with consumer data breach class actions, are of the opinion that the Settlement is fair, reasonable, and adequate. Likewise, Representative Plaintiff is also of the opinion that the Settlement is fair, reasonable, and adequate.

5. The Settlement shall not be deemed to constitute an admission or finding of liability or wrongdoing on the part of PNI, the Plaintiff, Settlement Class Members, or Released Persons.

6. Those persons appearing on the list annexed hereto as Exhibit A have properly and timely requested exclusion from the Settlement Class, pursuant to the terms of this Court's Preliminary Approval Order, and are excluded from the Settlement Class, shall not be bound by this Final Order and Judgment, and shall not participate in the proceeds of the Settlement hereby approved nor receive any benefit thereunder.

7. The Court notes there were no objections to the Settlement, including all matters related thereto, and to the Plaintiff's Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Costs, and Expenses, and Incentive Award.

8. The Court has carefully reviewed, weighed, and considered Class Counsel's motion for attorney's fees and reasonable costs and expenses, and the argument and evidence presented relative to said motion. The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses, and an incentive award to Representative Plaintiff, as provided for in ¶¶ 7.2 and 7.3 of the Settlement Agreement, until after the substantive terms of the Settlement had been agreed upon, other than that PNI would pay reasonable attorneys' fees, costs, expenses, and an incentive award to Representative Plaintiff as may be agreed to by PNI and Co-Lead Settlement Class Counsel and/or as ordered by the Court, or in the event of no agreement, then as ordered by the Court. Thereafter, PNI agreed to pay, subject to Court approval, up to the amount of $650,000 to Co-Lead Settlement Class Counsel for attorneys' fees. Co-Lead Settlement Class Counsel seek an award of attorneys' fees in the amount of $650,000. The Court has considered, *inter alia*: the benefit conferred on the Class, the complexity of the issues, the duration of the case, the risks to which Plaintiff's Counsel were exposed, the experience, reputation, and skill of the attorneys involved,

awards in similar cases, time and labor required, lodestar cross-check, and reaction of Class Members. The attorney's fees, costs and expenses, and incentive award sought are separate and apart from the benefits to the Settlement Class, and PNI does not object to the award as requested by Class Counsel. Based on the foregoing, the Court hereby grants Co-Lead Settlement Class Counsel's motion for attorney's fees in the amount of $650,000, and Class Counsel's request for $3,735.70 in litigation costs and expenses, which shall be paid by PNI per the terms of the Settlement Agreement.

9. Class Counsel has also requested the payment of incentive award to the Class Representative in the amount of $3,750 for her time and efforts spent in pursuit of this litigation. Again, PNI does not object to this request and said award is separate and apart from the benefits to the Settlement Class. Here, Class Representative agreed to pursue the claims at issue for the benefit of the entire Class and participated in conferences and meetings with Class Counsel. The Court finds an incentive award in the amount of $3,750 for the Class Representative is fair, reasonable, and adequate under the circumstances.

Accordingly, the Court hereby grants Class Counsel's motion for an incentive award in the amount of $3,750, which shall be paid by PNI per the terms of the Settlement Agreement.

10. The Action is hereby dismissed, with prejudice, on the merits, as against PNI, on the terms and conditions set forth in the Settlement Agreement, and without costs to any party except as provided herein or in a separate order of the Court, in the Preliminary Approval Order, and in the Settlement Agreement.

11. Upon the Effective Date, each Plaintiff and Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, in the manner(s) set forth in the Settlement Agreement.

12. Upon the Effective Date, each Plaintiff and Settlement Class Member shall be permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims in the manner(s) set forth in the Settlement Agreement.

13. By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Order and Judgment shall be deemed a final judgment.

14. Jurisdiction is reserved, without affecting the finality of this Final Order and Judgment, over:

    (a) Effectuating, enforcing, and administering the settlement and the terms of the Settlement Agreement; and

    (b) Determining whether, in the event an appeal is taken from any aspect of this Final Order and Judgment, notice should be given at the appellant's expense to the Settlement Class Members apprising them of the pendency of the appeal and such other matters as the Court may order.

## CONCLUSION

The motion for settlement, dkt. no. 42, is **GRANTED**, and this case is hereby **DISMISSED with prejudice**. The Clerk is **DIRECTED** to terminate all deadlines and motions and to close this case.

**SO ORDERED**, this ___ day of December, 2017.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA